UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                    Case No. 8-20-71868-ast

Castella Imports, Inc.,                                              Chapter 7

Alleged Debtor.
-------------------------------------------------------------X

## ORDER STRIKING INVOLUNTARY PETITION
## AND DISMISSING CASE

For the reasons set forth herein, the Court orders the Involuntary Petition be stricken and the Case be dismissed.

### I. FACTS

On April 13, 2020, N. Gerentes S.A., Vista Maritime & Logic S.A., and K. Zafiropoulos A. Tomaras S.A. filed an involuntary petition for bankruptcy relief [dkt item 1], pursuant to 11 U.S.C. § 303, against Castella Imports, Inc. (the "Alleged Debtor"), thereby commencing this Case. The Case is currently in the "gap period" before the entry of an order for relief.

On April 16, 2020, JP Morgan Chase Bank, N.A. ("Chase"), a secured creditor of the Alleged Debtor, filed an Emergency Motion for Relief from Stay (the "Emergency Motion") [dkt item 5], seeking relief from the stay to allow Chase to collect proceeds from a gap period auction of certain of the Alleged Debtor's assets. The Alleged Debtor consented to the Motion for Relief from Stay.

On notice, the Emergency Motion was heard on April 22, 2020. At the hearing, an attorney appeared on behalf of one of the Petitioning Creditors, but did not file a notice of appearance formally entering as counsel in the Case. The other two Petitioning Creditors were not represented by counsel. From the bench, the Court stated that, given the circumstances of this Case, and because the three petitioning creditors, as artificial entities, were required to appear

through counsel in federal court, that each had until Monday, April 27, 2020 to retain representation in the Case. The Court further advised that if retained counsel did not appear in the Case by April 27, 2020, then the Case would be dismissed. As of the date of this Order, no attorney has filed a notice of appearance on behalf of any of the Petition Creditors.

## II. ANALYSIS

Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein," this provision does not permit artificial entities to appear pro se or through a non-attorney representative, such as an officer, owner, or employee. *Jones v. Niagra Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (observing that "it is established that a corporation, which is an artificial entity that can act only though agents, cannot proceed pro se.")(internal citations omitted); *In re Bijan-Sara Corp.,* 203 B.R. 358, 359 (B.A.P. 2d Cir. 1996) ("It is well-settled that a corporation must be represented by counsel," citing *Rowland v. California Men's Colony,* 506 U.S. 194, 113 S.Ct. 716, 121 L.Ed.2d 656  (1993)).

The Petitioning Creditors are each an "S.A.," a type of foreign artificial entity.[1] As such, they must act in federal court through an attorney and cannot proceed through a non-attorney representative, as they did by filing the involuntary petition without counsel. Furthermore, the Petitioning Creditors have had more than two weeks—with more than one week after notice by the Court—to cure this deficiency by having counsel file a Notice of Appearance. They have

---

[1] "S.A." is an abbreviation commonly used in some foreign countries to designate a "Societe Anonyme" or "Sociedad Anonmia," or other type of company. *See Company Names*, 3 ASSET PROTECTION: DOM. & INT'L L. & TACTICS § 48:58 (Mar. 2020 Update). The mailing addresses for the Petitioning Creditors are locations in Greece.

failed to do so. Given that the Alleged Debtor has represented that it intends to controvert the Petition, the matter of the merits of the Petition must be brought for trial under 11 U.S.C. § 303(h). The Petitioning Creditors, however, cannot represent themselves in the trial process. Even more pressingly, the Petition cannot be construed as an effective representation in federal court of the Petitioning Creditors because it was not filed, or adopted, by an attorney representing any of them. Because the Petition is not an effective legal representation of the Petitioning Creditors, it cannot stand on the record. The appropriate remedy for the filing of improper pro se pleadings is to strike them. *In re Railyard Co., LLC*, 2018 WL 4381515, at *4 (Bankr. D.N.M. Sept. 12, 2018) (citing numerous cases).

### III. CONCLUSION

Accordingly, it is

**ORDERED** that the Petition is stricken; and it is further

**ORDERED** that this case is hereby dismissed; and

**ORDERED** that any pending matter or motion in this Case is marked off as moot.



**Dated: May 1, 2020**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**